**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Appellant,<br><br>v.<br><br>PATRIOT CONTRACTING<br>CORPORATION, et al.,<br><br>                    Appellees. | Civil Action No.: 09-1151 (JLL)<br><br><br>**OPINION** |

**LINARES**, District Judge.

      This matter comes before this Court on the Appeal of the United States of America ("United States") from the Order of the Honorable Donald H. Steckroth of the United States Bankruptcy Court, District of New Jersey, entered on January 9, 2009, denying Appellant's motion to vacate the Bankruptcy Court's prior Dismissal Order and denying Appellant's motion to determine whether the Cash Collateral Order is void.  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).  The Court has considered the submissions made in support of and in opposition to the instant  appeal.  This matter is decided without oral argument pursuant to Bankruptcy Rule 8012.  For the reasons set forth below, Judge Steckroth's Order is affirmed in part and vacated in part.

## I.    BACKGROUND

      On July 18, 2005, Patriot Contracting Corporation ("Patriot") filed a voluntary petition for Chapter 11 relief under the United States Code ("the Bankruptcy Code") in the District of

New Jersey.  As of the date of filing, Patriot owed Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch") over two million dollars.  The Internal Revenue Service ("IRS") also alleged that Patriot owed unpaid taxes and filed four Notices of Federal Tax Liens on February 21, 2004, August 12, 2004, March 28, 2005 and April 14, 2005.  On July 21, 2005, Patriot filed a motion for interim and final orders approving its use of cash collateral, for adequate protection and setting a final hearing.  On July 25, 2005, the Bankruptcy Court issued an interim Order authorizing the use of cash collateral and setting a final hearing for August 16, 2005.  Any parties in interest were required to file any objections no later than August 10, 2005.  On August 10, 2005, Julie Sweeney, a bankruptcy specialist from the IRS, submitted a letter to Patriot's counsel stating:

> We understand that the debtor in the above referenced case filed a Chapter 11 Bankruptcy on July 18, 2005. The Internal Revenue Service assessed Federal Tax Liabilities and filed a Notice of Federal Tax Lien against this taxpayer prior to the bankruptcy petition. Under 26 U.S.C. sec. 6321, the Federal Tax Lien attaches to all the property belonging to the taxpayer. Section 363(c)(2) of the Bankruptcy Code provides that cash collateral can not be used, sold or leased by the debtor-in-possession unless each entity with an interest in the collateral consents or the Court, after notice and hearing, authorizes the use. The Internal Revenue Service has an interest in all of the debtor's cash collateral by virtue of the tax assessments and Notice of Federal Tax Lien . . . . The Internal Revenue Service does not consent to the use of its cash collateral by the debtor.

See IRS v. Patriot Contracting Corp., No. 06-2133, CM/ECF No. 18, at 4-5 (Feb. 7, 2007).  The letter was not filed with the court but was brought to the Bankruptcy Court's attention by Patriot counsel at the August 16 hearing.  On August 16, 2005, the Bankruptcy Court entered its Final Cash Collateral Order authorizing Patriot's use of cash collateral.

On September 29, 2005, the IRS filed a proof of claim against Patriot.  Then, on October 28, 2005, it filed a motion to deny the use of the cash collateral or, alternatively, for adequate

protection.  A hearing was held on the IRS's motion on December 6, 2005.  At that hearing, for the first time, the IRS raised an issue of improper service of the cash collateral motions and orders.  A ruling was not made at the December 6 hearing; a second hearing was held on December 20, 2005.  The IRS did not submit any additional briefing prior to the December 20 hearing.  The Bankruptcy Court denied the IRS's motion on March 28, 2006, holding that the Final Cash Collateral Order became a final, non-appealable order ten days after entry by the court, and that, as such, the IRS could not challenge that order through a subsequent collateral motion.  The IRS appealed the Bankruptcy Court's decision to this Court.

On February 7, 2007, this Court dismissed the appeal, holding that it was without jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a).  In reaching its jurisdictional decision, this Court found that "the issue of whether Patriot should be permitted to use cash collateral was conclusively determined by the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order."  Id. at 9.  The Court further found that the "IRS's October 28, 2005 Adequate Protection Motion was more akin to an untimely appeal or motion for reconsideration of the Bankruptcy Court's August 16, 2005 Final Cash Collateral Order."  Id.  The IRS filed a notice of appeal of this Court's decision, but subsequently voluntarily withdrew the appeal.

On May 29, 2007, the United States then filed an adversary proceeding seeking to determine that the United States was a secured claimant, that the cash collateral orders were void, and to disgorge the money paid to Merrill Lynch pursuant to the Final Cash Collateral Order.  On June 27, 2007, Patriot moved for dismiss the bankruptcy case.  A hearing on the motion was held on July 17, 2007.  At this hearing, the United States stated that it did not object to dismissal of the bankruptcy case if the Bankruptcy Court would retain jurisdiction over its adversary

proceeding.  The United States asserts that the Bankruptcy Court agreed to retain jurisdiction in the event of dismissal of the bankruptcy case.  On September 11, 2007, the Bankruptcy Court entered an order dismissing the bankruptcy case and then, on September 18, 2007, dismissed  the United States' adversary proceeding.  The IRS moved for reconsideration of the dismissal of the adversary proceeding.  Reconsideration was denied.  The United States filed a notice of appeal of this decision, but subsequently withdrew the appeal.  The United States did not seek reconsideration or appeal the order dismissing Patriot's bankruptcy case.

On April 11, 2008, the United States moved to vacate the Bankruptcy Court's order dismissing the bankruptcy case in order to permit the Bankruptcy Court to consider its motion seeking a determination that the Final Cash Collateral Order is void.  On January 9, 2009, the Bankruptcy Court denied the IRS's motion to vacate its order dismissing the bankruptcy case and also denied the motion to determine that the 2005 Final Cash Collateral Order is void.  The United States presently appeals this order.

## II.   DENIAL OF THE MOTION TO VACATE THE DISMISSAL OF THE BANKRUPTCY CASE

The United States argues that, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure as incorporated into the Bankruptcy Rules by Bankruptcy Rule 9024, its motion to vacate the Bankruptcy Court's January 9, 2009, Order dismissing the bankruptcy case should have been granted.  See In re Coletta, 380 B.R. 140, 146 (Bankr. E.D. Pa. 2007).  Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  But, "[m]otions under Rule

60(b)[6] 'may not generally substitute for an appeal.'" <u>Harris v. Martin</u>, 834 F.2d 361, 364 (3d

Cir. 1987) (quoting <u>Marshall v. Bd. of Educ. of Bergenfield</u>, 575 F.2d 417, 424 (3d Cir. 1978));

<u>see also</u> <u>Ackermann v. United States</u>, 340 U.S. 193, 197-99 (1950).  Relief under Rule 60(b)(6) is

extraordinary and "may only be invoked upon a showing of exceptional circumstances."

<u>Marshall</u>, 575 F.2d at 425.  It does not provide relief for "calculated and deliberate" litigation

choices which, in hindsight, may have been erroneous.  <u>See</u> <u>Ackermann</u> 340 U.S. at 198.  In

reviewing the Bankruptcy Court's decision, this Court serves an appellate function.  The grant or

denial of relief under Rule 60(b) is within the discretion of the Bankruptcy Court.  <u>See</u> <u>In re</u>

<u>Coletta</u>, 380 B.R. at 146 n.15.  Thus, for purposes of this appeal, the standard of review is abuse

of discretion."  <u>Harris</u>, 834 F.2d at 364; <u>see also</u> <u>In re O'Brien Envtl. Energy, Inc.</u>, 188 F.3d 116,

123 (3d Cir. 1999).  "A bankruptcy court abuses its discretion when its ruling is founded on an

error of law or a misapplication of law to the facts."  <u>In re O'Brien Envtl. Energy, Inc.</u>, 188 F.3d

at 123.

      Here, in denying the United States' motion to vacate the dismissal of the bankruptcy case

under Rule 60(b)(6), Judge Steckroth found that the IRS had actual notice of the bankruptcy

proceedings at least as early as August 10, 2005.  As such, he held that this case did not present

the extraordinary circumstances presented in <u>In re Coletta</u>.  In <u>In re Coletta</u> the bankruptcy court

granted a motion to revisit the terms of a bankruptcy case dismissal for the purposes of

considering the merits of a request for annulment of the automatic stay.  380 B.R. at 146-47.

While the bankruptcy case was open and subject to the automatic stay, the movant filed for and

received a default judgment in a state court action.  <u>Id.</u> at 144.  As a result of the default, property

was subsequently scheduled for a sheriff's sale.  <u>Id.</u>  The dismissal at issue for the movant's

motion to vacate occurred on February 22, 2007; no evidence suggested that the movant had any knowledge of this case or its dismissal before mid-August 2007. Id. at 144, 148. The movant brought its motion to revisit the dismissal on October 29, 2007. Id. at 145. The court found that, given that the movant lacked any knowledge of the bankruptcy case until after dismissal and that its violation of the automatic stay was "innocent," the case was an "exceptional" one where exercising the court's discretion to revisit the dismissal of the bankruptcy case in order to annul the automatic stay was appropriate. Id. at 150. Judge Steckroth held that the facts In re Coletta were significantly distinguishable from the present case. This Court agrees and finds that Judge Steckroth did not abuse his discretion in denying the United States' motion to vacate the dismissal of the bankruptcy case.

The United States did not seek reconsideration of or appeal Judge Steckroth's decision dismissing the bankruptcy case. On the other hand, it did seek reconsideration of the dismissal of the adversary proceeding. Judge Steckroth denied reconsideration, and the United States chose not to appeal further. Thus, the United States made a choice to challenge the adversary proceeding dismissal and not challenge the dismissal of the bankruptcy case, until the present Rule 60(b)(6) motion. There are no facts or arguments made in its present motion to vacate that were not available to make in a timely appeal of the original order.

The United States argues that it relied on statements made by Judge Steckroth that he would retain jurisdiction over the adversary proceeding after dismissal of the bankruptcy case. It argues that had it known that he would also dismiss the adversary proceeding, it would have made a motion in the bankruptcy case to vacate the Final Cash Collateral Order. Even if Judge Steckroth's statements were as absolute as the United States argues, this Court finds that this

does not excuse the United States' choice to forgo appeal of the order dismissing the bankruptcy case or otherwise require vacation under Rule 60(b)(6).  The United States asserts: "To date, the United States has attempted to raise [the issue of] improper service [of the cash collateral orders] three times and has not been afforded a forum in which to raise it."  (United States' Br. in Supp. of its Appeal from the Bankr. Court's Jan. 9, 2009 Order, at 3 [hereinafter "United States Br."].)  It argues that, unless the dismissal of the bankruptcy case is vacated, the United States may be deprived of an opportunity to challenge the validity of the Final Cash Collateral Order.  After the Final Cash Collateral Order became final, the proper procedure for challenging it was pursuant to Rule 60(b)(4), as noted by Judge Steckroth in the opinion accompanying his January 9, 2009, order and in various prior filings in the litigation involving Patriot's use of cash collateral.  By its own admission, the United States was aware of the Final Cash Collateral Order, and hence had all of the facts available to file a motion to vacate it pursuant to Rule 60(b)(4), since at least September 2005.  It chose not to do so.  Rather, it has made various attempts to collaterally attack the orders.  This is so despite the fact that prior court orders have made clear that the Final Cash Collateral Order cannot be collaterally attacked, including this Court's February 6, 2007 Opinion.  In holding that it was without jurisdiction to hear an appeal of the order of the Bankruptcy Court denying the United States' motion to deny the use of the cash collateral, this Court held that the IRS's motion was, in essence, an untimely appeal or motion for reconsideration of the Final Cash Collateral Order.  The United States filed notice of appeal of this decision, but later voluntarily withdrew it.  Thus, to the extent that the United States argues it has not had a "forum" to make its argument regarding the validity of the cash collateral orders, its position is one entirely of its own making due to its litigation choices.

The present posture of this case is merely one more such imprudent choice.  The simple fact is that the United States made a choice to not appeal Judge Steckroth's original decision dismissing the bankruptcy case, despite the ability to do so, and has offered no reason for its failure to appeal.  The United States also has failed for over four years to file a motion to vacate the Final Cash Collateral Order, the underlying reason asserted for its motion to vacate the dismissal of the bankruptcy case, again despite having the ability to do so.  As the Supreme Court held in <u>Ackermann</u>:

> [The] choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

340 U.S. at 198; <u>see also</u> <u>Marshall</u>, 575 F.2d at 424.   The United States has made "voluntary, deliberate, free, [and] untrammeled choice[s]" in this litigation, <u>see</u> <u>Ackermann</u>, 340 U.S. at 200, which it now may not undo through the extraordinary remedy of a Rule 60(b)(6) motion to vacate.  Therefore, Judge Steckroth's denial of the United States' motion to vacate the dismissal of the bankruptcy case is affirmed.

## III.   DENIAL OF THE MOTION TO DETERMINE WHETHER THE CASH COLLATERAL ORDER IS VOID

 After Judge Steckroth exercised his discretion to deny the United States' motion to vacate the dismissal of the bankruptcy case, he proceeded to reach the merits of the United States' argument regarding the validity of the Final Cash Collateral Order.  He held that the Order was valid.  Both parties argue, and this Court agrees, that "[o]nce the Bankruptcy Court denied the government's motion to vacate the dismissal of the . . . bankruptcy case, . . . it was

without any jurisdiction over the case, and as a result it had no jurisdiction to consider whether its cash collateral orders were void."  (United States' Br., at 14; see also Br. of Merrill Lynch Commercial Finance Corp., at 10.)  "[A] [bankruptcy] court lacks jurisdiction over post-closing proceedings," including dismissal of a bankruptcy case.  In re Coletta, 380 B.R. at 146 n.14; see also In re Walker, Bankr. No. 03-33446F, 2005 Bankr. LEXIS 3231, at *12 (E.D. Pa. May 31, 2005).  Therefore, Judge Steckroth's rulings on the validity of the Final Cash Collateral Order are vacated.

## IV.    CONCLUSION

For the foregoing reasons, the January 9, 2009, decision of the Bankruptcy Court is affirmed in part and vacated in part.  An appropriate Order accompanies this Opinion.


DATED: September 23, 2009                  /s/ Jose L. Linares
                                           JOSE L. LINARES
                                           UNITED STATES DISTRICT JUDGE